USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND, PENSION
FUND, ANNUITY FUND, and TRAINING
PROGRAM FUND; JOHN J. VIRGA, *in his fiduciary
capacity as Director*; and ROBERT BONANZA, *as
Business Manager of the* MASON TENDERS
DISTRICT COUNCIL OF GREATER NEW YORK,

                         Petitioners,

          -v-

CITYWIDE CONSTRUCTION WORKS, INC.,

                         Respondent.

------------------------------------------------------------X

18 Civ. 9024 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioners—the Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Trustees" of the "Funds"), and related individuals—seek confirmation of an arbitration award issued against respondent Citywide Construction Works, Inc. ("Citywide Construction"). *See* Dkt. 1 ("Pet."), Ex. 1 ("Award"). Citywide Construction is an employer bound by a Project Labor Agreement it entered into with the Building and Construction Trades Council of New York and Vicinity, of which the Mason Tenders District Council of Greater New York (the "Union") is a member. *See* Pet. ¶ 6. Petitioners commenced this action on October 2, 2018, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the Court confirms the Award.

1

I.  **Background**[1]

   A.  **The Parties and Their Agreements**

The Funds are multiemployer labor-management trust funds organized and maintained pursuant to ERISA. Pet. ¶ 1. The Funds were established and are maintained pursuant to a Benefit Plan Trust Agreement and a Pension Fund Trust Agreement (the "Trust Agreements"). *Id.* The Union is a labor organization that represents employees working in an industry affecting commerce as defined by Section 501 of the LMRA. *Id.* ¶ 2. Citywide Construction is an "employer" in an industry affecting commerce and maintained this status at all times relevant to this lawsuit. *See id.* ¶ 3.

Citywide Construction is bound by the terms of a Project Labor Agreement (the "PLA") between the New York City Housing Authority and the Building and Construction Trades Council of New York and Vicinity, of which the Union is a member. *Id.* ¶ 6. Article 11, Section 2(B) of the PLA provides that a covered contractor "agree[s] to be bound by the written terms of the legally-established jointly trusteed Trust Agreements . . . with regard to Project Work done under this Agreement." *Id.* ¶ 7. The PLA and Trust Agreements require Citywide Construction to pay contributions to the Funds for all employees covered by the PLA at specified rates. *Id.* The PLA and Trust Agreements also designate the Funds as the authorized collection agents for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York State Laborers Health and Safety Trust Fund, Greater New York Laborers-Employers Cooperation and Education Trust Fund, and the Mason Tenders District Council Political Action Committee. *Id.* Employees voluntarily authorize the Funds to collect these contributions and dues. *Id.*

---

[1] The following undisputed facts are derived from the Petition and the Award.

The Trust Agreements permit the Trustees of the Funds to take legal action to secure the collection of unpaid benefits from an employer, including commencing arbitration proceedings against delinquent employers to recover allegedly unpaid contributions. *Id.* ¶ 8. If the Trustees take legal action, the Trust Agreements provide that the employer is responsible for, *inter alia*: "unpaid contributions" and the interest that accrues thereon; "an amount equal to the aforesaid interest on the unpaid contributions as and for liquidated damages"; and "reasonable attorneys' fees and costs." *Id.* ¶ 9. In addition, the Trust Agreements require participating employers to pay contributions monthly, no later than the due dates set forth in the PLA and never later than the fifteenth day of the following month. *Id.* ¶ 11.

The Funds claim that Citywide Construction failed to make fringe benefit and other contribution payments to the Funds for the period August 24, 2015 through January 24, 2016, as required by the PLA and the pertinent Trust Agreements. *Id.* ¶ 15.

**B.     The Arbitration Award**

On or around August 7, 2017, the Funds initiated arbitration proceedings before arbitrator Joseph A. Harris, who sent notice of the scheduled hearing to Citywide Construction by e-mail. Award at 1. Harris's email did not bounce back. *Id.* Despite being notified of the arbitration, Citywide Construction did not appear or respond in any way. *See id.* at 2. At the arbitration, the Funds also called Citywide Construction but were not able to speak with the relevant Citywide Construction representative and, despite a request for a return phone call, did not receive a call back. *Id.*

The Funds presented evidence of an audit of Citywide Construction's books and records, which showed delinquencies for the period from August 24, 2015 through January 24, 2016. *Id.* On October 3, 2017, arbitrator Harris issued the Award, finding that, "[b]ased on the substantial and credible evidence that was presented," Citywide Construction owed the Funds delinquent

3

contributions. *Id.* Harris directed Citywide Construction to pay the Funds a total of $101,743.73, comprising delinquent contributions, interest, liquidated damages, and fees. *Id.*

### C. This Action

On October 2, 2018, after Citywide Construction failed to comply with petitioners' demand for the Award amount, petitioners filed this action seeking to confirm the Award. To date, Citywide Construction has not opposed the Petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

4

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

5

may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties and found "substantial and credible evidence" that Citywide Construction was required to make certain payments to the Funds, and that it failed to do so, as revealed by evidence submitted by petitioners at the arbitration hearing. Award at 2. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and, by all indications, a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of petitioners for a total amount of $101,743.73.

### C. Post-Judgment Interest

Petitioners also seek post-judgment interest. Pet. ¶ 20. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

6

28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101–02 (2d Cir. 2004) (awarding post-judgment interest in arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $101,743.73, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court respectfully requests that the Clerk of Court close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 11, 2019
New York, New York